**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAKELINE ESMERALDA HERNANDEZ-PEREZ DE RIVAS and JAKELINE YANETH RIVAS-HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   12-73433 <br><br> Agency Nos.   A099-539-007 <br> A099-539-008 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Jakeline Esmeralda Hernandez-Perez de Rivas and Jakeline Yaneth Rivas-

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hernandez, natives and citizens of El Salvador,[1] petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Hernandez-Perez de Rivas's inconsistent testimony regarding gang threats to her younger son, and the number of assailants involved in the shooting incident outside her home. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Thus, in the absence of credible testimony, in this case, Hernandez-Perez de Rivas's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT protection because Hernandez-Perez de Rivas failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government of El

---

[1] On March 24, 2017, the court received a filing by Hernandez-Perez de Rivas with a statement that her daughter, Rivas-Hernandez, has been approved for DACA and that Hernandez Perez de Rivas wishes to proceed with the petition.

12-73433

Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**